IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12cv125-RLV
(5:09cr16-RLV-DSC-1)

| | |
|---|---|
| ANTHONY SCOTT LEACH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response to the Motion to Vacate, (Doc. No. 14).

## I.     BACKGROUND

**A. Offense Conduct**

In October 2008, the Wilkes County Sheriff's Office learned of Petitioner's involvement in the distribution of cocaine in Wilkes County, North Carolina. (Criminal Case No. 5:09-cr-16, Doc. No. 40 at 3: PSR). On October 16, 2008, officers conducted a controlled purchase of approximately two ounces of crack cocaine from Petitioner through a confidential informant. (Id.). Before the purchase, the confidential informant placed a series of recorded phone calls to Petitioner at a pre-surveillance planning meeting. (Id.). Upon analysis, the crack cocaine purchased from Petitioner totaled 56.5 grams. (Id.).

On February 5, 2009, after Petitioner was stopped and placed under arrest for operating a vehicle with a revoked license and after a small amount of crack cocaine was located in that

1

vehicle, officers executed a search warrant at Petitioner's residence at 1878 Highway 18 North in North Wilkesboro. (Id. at 4). During the search, law enforcement located 93 rocks of crack cocaine in the bedroom in a pair of pants and $1,700. (Id.). Subsequent testing indicated that the drugs obtained from the search totaled 16.9 grams of crack cocaine. (Id.).

**B. Procedural History**

On March 17, 2009, the Grand Jury for the Western District of North Carolina charged Petitioner with two counts of possession with intent to distribute crack cocaine, one count in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and the second in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Id., Doc. No. 1 at 1-2: Indictment). On July 7, 2009, Petitioner entered a straight-up guilty plea to both counts before United States Magistrate Judge David Cayer. (Id., Doc. No. 10: Entry and Acceptance of Guilty Plea).

In preparation for sentencing, the probation officer prepared a presentence investigation report ("PSR"), calculating an advisory guidelines range of 262 to 327 months in prison based on a total offense level of 34 and a criminal history category of VI. (Id., Doc. No. 40 at 31). In calculating Petitioner's guidelines range, the probation officer determined that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1 in light of his prior convictions in 1996 for voluntary manslaughter and in 2005 for possession with intent to manufacture, sell, or deliver cocaine, both in Wilkes County Superior Court. (Id. at 6).

At his sentencing on October 6, 2010, Petitioner raised several objections to the PSR, including to his status as a career offender and the evidence provided about drug quantity. See (Id., Doc. No. 56: Sentencing Hrg. Tr.). After overruling Petitioner's objections, this Court adopted the presentence report, including the calculation of the advisory guidelines range. (Id. at 38). Based on its consideration of the relevant sentencing factors and Petitioner's "massive"

2

criminal record, the Court sentenced Petitioner to a sentence at the low end of the guidelines range of 262 months in prison. (Id. at 53).

This Court entered judgment on October 19, 2010, and Petitioner filed a timely notice of appeal. (Id., Doc. No. 49: Judgment; Doc. No. 43: Notice of Appeal). Appellant counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that Petitioner's sentence was procedurally unreasonable because this Court incorrectly found that he was a career offender based on his prior North Carolina conviction for possess with intent to manufacture, sell, or deliver cocaine, for which Petitioner received a nine to eleven month sentence. On September 15, 2011, the United States Court of Appeals for the Fourth Circuit affirmed in an unpublished, per curiam opinion, holding that the challenged conviction qualified as a predicate conviction under Simmons because Petitioner faced a maximum sentencing of eleven to fourteen months in prison for that offense. United States v. Leach, 446 F. App'x 625 (4th Cir. 2011). The Fourth Circuit issued its mandate on October 11, 2011, and Petitioner did not seek a writ of certiorari from the United States Supreme Court. (Criminal Case No. 5:09-cr-16, Doc. No. 60: Mandate).

On September 10, 2012, Petitioner filed the instant motion to vacate in which he alleges (1) that his attorney was ineffective for failing to challenge his status as a career offender, (2) that he is entitled to relief under Simmons, and (3) that his sentence should be vacated in light of the Fair Sentencing Act of 2010 and Dorsey v. United States, 132 S. Ct. 2321 (2012).

**II. STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If

3

a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255 Proceedings. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. Plaintiff's Claim of Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced Petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

4

Petitioner first contends that trial counsel rendered ineffective assistance by failing to meaningfully investigate the transcript of Petitioner's <u>Alford</u> plea to the voluntary manslaughter charge in North Carolina state court. According to Petitioner, because he pled guilty pursuant to <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), his voluntary manslaughter conviction does not constitute a valid predicate offense toward his status as a career offender. For the following reasons, Plaintiff's contention is without merit.

An <u>Alford</u> plea is "an arrangement in which a defendant maintains his innocence but pleads guilty for reasons of self-interest." <u>United States v. Taylor</u>, 659 F.3d 339, 347 (4th Cir. 2011). "Its 'distinguishing feature' is 'that the defendant does not confirm' the factual basis underlying his plea." <u>Id.</u> (quoting <u>Unites States v. Alston</u>, 611 F.3d 219, 227 (4th Cir. 2010)). Petitioner contends that because he did not admit to the facts surrounding his <u>Alford</u> plea conviction for voluntary manslaughter, the voluntary manslaughter conviction should not have served as a predicate crime of violence for the career offender designation, and counsel should have challenged the career offender designation on that basis. In support of his contention, Petitioner cites to <u>United States v. Taylor,</u> 659 F.3d 339 (4th Cir. 2011), and <u>United States v. Alston</u>, 611 F.3d 219 (2010). In <u>Alston</u>, the Fourth Circuit considered whether a defendant's conviction for second-degree assault under the Maryland statute qualified as a violent felony. <u>Alston</u>, 611 F.3d at 227. Recognizing that second-degree assault encompassed several distinct crimes, some of which qualify as violent felonies and others which do not, the <u>Alston</u> court turned to the modified categorical approach to determine whether the defendant necessarily admitted to a set of elements that qualified as a violent felony. <u>Id.</u> at 223. Because the defendant pled guilty to second-degree assault through an <u>Alford</u> plea, the Fourth Circuit ruled that because the defendant did not necessarily admit to the facts set forth in the prosecutor's proffer, the court

5

could not rely on that recitation of the facts to determine whether the defendant was convicted of a violent felony. Id. at 228. Similarly, in Taylor, the Fourth Circuit again held that the district court had correctly applied the modified categorical approach in determining whether the petitioner's state court conviction for second-degree assault constituted a violent felony for purposes of the Armed Career Criminal Act. Taylor, 659 F.3d at 345-46.

Alston and Taylor do not apply in this case because Petitioner's conviction for voluntary manslaughter is categorically a crime of violence. It is, therefore, unnecessary to apply the modified categorical approach to determine whether Petitioner pled guilty to a set of facts that qualifies as a crime of violence because voluntary manslaughter is always a crime of violence. In fact, the application notes to U.S.S.G. § 4B1.2 specifically enumerate manslaughter as a crime of violence. Here, since the voluntary manslaughter conviction stemming from Petitioner's Alford plea is categorically a crime of violence, his claim of ineffective assistance is without merit.

**B. Petitioner's claim that he is entitled to relief under Simmons**

Petitioner next contends that he was erroneously designated as a career offender because his state court drug conviction was not a predicate felony in light of United States v. Simmons, 649 F.3d 237, 247 (4th Cir. 2011), where the Fourth Circuit held that, for purposes of the enhanced sentencing provisions of the Controlled Substances Act, an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.[1] Petitioner contends that the Court

---

[1] In so doing, the court overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the court held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. See

erroneously sentenced him as a career offender because his prior conviction for possession with intent to manufacture, sell, or deliver cocaine no longer qualifies as a felony conviction.

Petitioner is barred from bringing this current claim because he raised this claim on direct appeal and the Fourth Circuit rejected it. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that a petitioner "recast, under the guise of collateral attack, questions fully considered" on direct appeal). Moreover, as the Fourth Circuit correctly observed, Petitioner's conviction qualified as a predicate felony conviction under Simmons because Petitioner was subject to a sentence of more than one year. Accordingly, Petitioner's claim is barred and, as the Fourth Circuit already held, completely without merit.

**C. Petitioner's claim that he should be resentenced in light of the Fair Sentencing Act of 2010**

In his final claim, Petitioner contends that he should be resentenced under the Fair Sentencing Act of 2010 in light of Dorsey v. United States, 132 S. Ct. 2321, 2336 (2012). In Dorsey, the Supreme Court held that the Fair Sentencing Act, which reduced the crack-to-powder cocaine disparity for purposes of the mandatory penalties under the Controlled Substances Act, applied retroactively to offenders whose crimes preceded the effective date but who were sentenced after the effective date of August 3, 2010. Petitioner was sentenced on October 6, 2010; thus, the FSA's lower penalties applied to Petitioner. Nevertheless, Petitioner's contention that he is entitled to be resentenced under the FSA is without merit. Here, although Petitioner was subject to a mandatory-minimum term of ten years in prison under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A), his advisory guidelines range of 262 to 327 months

---

Simmons, 649 F.3d at 247. The Fourth Circuit Court of Appeals recently held that Simmons is retroactive on collateral review. Miller v. United States, 735 F.3d 141 (4th Cir. 2013).

exceeded the otherwise applicable statutory mandatory-minimum sentence. Furthermore, in sentencing Petitioner to 262 months in prison, there is no evidence that this Court felt constrained from sentencing Petitioner to a lower sentence based on the application of the ten-year mandatory minimum. Accordingly, Petitioner is unable to establish prejudice, and his claim, therefore, fails. See United States v. Sturdivant, 492 F. App'x 433, 434 (4th Cir. 2012) (holding that there is no standing to challenge a sentence based on a FSA claim because there would be no injury-in-fact from the improper application of the mandatory minimum if the mandatory minimum did not influence the district court's sentencing since the defendant was sentenced above the mandatory minimum).

IV. **CONCLUSION**

For the reasons stated herein, the Court will dismiss the Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: December 23, 2013

Richard L. Voorhees
United States District Judge